UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN HARPER,                              :
                                          :
    Plaintiff,                            :     Civil Action No. 10-7555
                                          :
    v.                                    :
                                          :
JEFFREY ALBO, Counselor, et al.,          :
                                          :
    Defendants.                           :
                                          :

## ORDER

AND NOW, this      day of         , 2011, upon consideration of Jaime Luquis and Jeffrey Albo's Motion to Dismiss, and any response thereto, it is hereby ORDERED that the Motion to Dismiss is GRANTED. Plaintiff's claims in his Second Amended Complaint against Luquis and Albo in their individual capacities are DISMISSED.

BY THE COURT:

_____
THOMAS N. O'NEILL, JR., S.J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN HARPER,<br><br>   Plaintiff,<br><br>   v.<br><br>JEFFREY ALBO, Counselor, et al.,<br><br>   Defendants. | Civil Action No. 10-7555 |

### **LUQUIS AND ALBO'S MOTION TO DISMISS**

Pursuant to Fed.R.Civ.P. 12 (b)(6), defendants Jaime Luquis and Jeffrey Albo ("Commonwealth Defendants") move the Court to dismiss plaintiff John Harper's Second Amended Complaint for failure to state a claim upon which relief may be granted. This motion is supported by the attached memorandum of law.

WHEREFORE, the Commonwealth Defendants respectfully request that the Court dismiss the plaintiff's remaining claims against them in their individual capacities.

                         Respectfully submitted,

                         LINDA L. KELLY
                         ATTORNEY GENERAL

          BY:  /s/LAURIE R. JUBELIRER
               LAURIE R. JUBELIRER
               Deputy Attorney General
               Identification No. 50436

| | |
|---|---|
| Office of Attorney General<br>21 South 12th Street, 3rd Floor<br>Philadelphia, PA 19107<br>Phone:(215) 560-2141<br>Fax:  (215) 560-1031 | Susan J. Forney<br>Chief Deputy Attorney General<br>Litigation Section |

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN HARPER,

    Plaintiff,

    v.

JEFFREY ALBO, Counselor, et al.,

    Defendants.

Civil Action No. 10-7555

**MEMORANDUM OF LAW IN SUPPORT OF**
**LUQUIS AND ALBO'S MOTION TO DISMISS**

**I. INTRODUCTION**

    Plaintiff John Harper filed his original complaint on January 4, 2011 and his First Amended Complaint on January 14, 2011 against Jaime Luquis and Jeffrey Albo, prison officials who work at the Allentown Community Corrections Center ("Allentown CCC"). See Docket Nos. 3 and 6. Luquis is Director and Albo is a counselor at the Allentown CCC. See Second Amended Complaint at ¶¶ 4-5. Luquis and Albo filed a Motion to Dismiss Plaintiff's First Amended Complaint on March 21, 2011. See Docket No. 10. The Court dismissed all of plaintiff's claims against Luquis and dismissed plaintiff's claims against Albo in his official capacity. See Docket No. 15. Plaintiff was granted leave to amend his First Amended Complaint in regard to his claims against Luquis and Albo in their individual capacities within 14 days of the Court Order dated August 24, 2011. Id. After the Court granted plaintiff's

3

motion for an extension of time to file an amended complaint, plaintiff filed a Second Amended Complaint on September 30, 2011. See Docket No. 24.[1]

Plaintiff John Harper, an inmate presently housed at the State Correctional Institution at Frackville ("Frackville") and formerly housed at the Community Corrections Center at Allentown ("CCC Allentown"), commenced this case pro se pursuant to 42 U.S.C. § 1983 ("Section 1983"). See Second Amended Complaint at ¶1. Plaintiff alleges that while housed at CCC Allentown on February 18, 2010, another inmate, Alvin Davis, punched him in the head and eye, which caused Harper's left eye to swell and caused a fracture in his hand when Harper defended himself. Id. at ¶¶ 11-15. Plaintiff alleges that Luquis and Albo put him in jeopardy of injury because they should have protected him prior to the fight by placing Harper in another facility. Id. at ¶¶ 10-11. Harper, who seeks declaratory relief and monetary damages, claims that the Commonwealth Defendants' failure to protect him violated his Eighth Amendment rights. Id. at ¶¶ 10,13. Luquis and Albo now move to dismiss this case pursuant to Fed. R. Civ. P. 12 (b)(6).

---

[1] In plaintiff's Second Amended Complaint, he brings claims against Luquis and Albo in their official capacities, despite the fact that the Court had previously dismissed these claims in its Order dated August 24, 2011. See Docket No. 15 and Second Amended Complaint at ¶6.

II.  **ARGUMENT**

   A.  **Standard on a 12 (b)(6) Motion to Dismiss**

Following the Supreme Court decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) and Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), pleadings standards in federal civil rights actions have shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss under Fed. R. Civ. P.12 (b) (6). Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir. 2009). See Phillips v. County of Allegheny, 515 F. 3d 224, 230 (3d Cir. 2008).

Therefore, following Twombly and Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The court must accept all of the complaint's well-pleaded facts as true but may disregard legal conclusions. Iqbal, 129 S. Ct. at 1950. Second, a district court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." Id.  In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. Id. See Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1950.

   B.  **Statement of Alleged Facts**

John Harper was an inmate housed at CCC Allentown in February 2010. See Second Amended Complaint at ¶ 3. While there, he got into a fight with another inmate, Alvin Davis. Id.

at ¶ 15. In January 2010, Albo told Harper at the request of Luquis that Harper would likely be a target of the Blood Gang. Id. at ¶¶ 7-8, 10, 15.

On February 18, 2010, plaintiff got into a fight with Alvin Davis, another inmate, while they were at CCC Allentown. See Second Amended Complaint at ¶ 15.  Plaintiff claims that Davis struck him in the back of his head as well as his eye. Id.  As a result of Davis' punches and from plaintiff defending himself, Harper broke his hand and got a swollen eye. Id. at ¶ 11. Plaintiff claims that Luquis and Albo should have moved him to another CCC prior to the fight because they knew that plaintiff was a target of the Blood Gang prior to the fight. Id. at ¶¶ 10,15. Luquis and Albo never mentioned any particular names of Blood Gang members housed at the who put plaintiff at a risk of harm. See Second Amended Complaint. Luquis and Albo did not know whether Davis was a member of the Blood Gang and a threat to Harper. Id. at ¶ 7-10, 15.

On February 19, 2010, Harper was transferred to Frackville as a result of his involvement in the fight with Davis. See Second Amended Complaint at ¶ 3, 12. Harper seeks declaratory relief and compensatory damages against Luquis and Albo for failing to protect him from the injuries he received from his brawl with Davis. Id. at ¶¶ 20-25.

### C.     Luquis and Albo Were Not Deliberately Indifferent

Plaintiff alleges that Davis' assault upon him constitutes a violation of his Eighth Amendment rights. See Second Amended Complaint at ¶18.  However, Luquis and Albo's failure to predict that Davis would attack Harper does not equate to a constitutional violation.

Pursuant to the Eighth Amendment, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Farmer v. Brennan, 511 U.S. 825, 833 (1994). However, prison officials are not constitutionally liable for every injury suffered by one inmate at the hands of another. Id. at 834.  The test to determine whether an assault violated an inmate's

constitutional rights is whether the prison officials were "deliberately indifferent" to a substantial risk of serious harm to that inmate. Id. at 833-34.

The deliberate indifference test is partly objective and partly subjective. The objective component has to do with the risk itself - there must be an objectively excessive risk to an inmate's health or safety. Id. at 834. The subjective component goes to the intent of the prison official, who must actually know of that excessive risk and, in turn, disregard it. Id. at 837.

The official must be aware of the facts through which the excessive risk may be inferred and he must actually draw the inference. Id.[2] Even if the prison official is aware of a substantial risk to the inmate and the harm is not ultimately averted, the official is free from liability if he responded reasonably to that risk as presented. Id. at 844. In other words, the inmate must prove that the official not only knew of the risk, but appreciated its severity. Notably, mere negligence on the part of prison officials does not establish constitutional liability. Id. at 835.

In addition, in order to prevail, the inmate's complaint is required to allege causation. Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995) (citing LaMarca v. Turner, 995 F.2d 1526, 1535 (11th Cir. 1993), cert denied, 510 U.S. 1164 (1994)). An "affirmative link" between the injury and the defendant's conduct is essential to the showing of causation. Rizzo v. Goode, 423 U.S. 362, 371 (1976).

In this case, plaintiff alleges that in January 2010, at the request of Luquis, Albo told him that he would likely be a target of the Blood Gang. See Second Amended Complaint at ¶¶ 7-8, 15. Luquis and Albo did not give Harper names of any specific prisoners at the CCC who were members of this gang or a threat to him. See Second Amended Complaint. Luquis and Albo did

---

[2] The Farmer Court did note that it is permissible for the trier of fact to infer knowledge of the risk if it is obvious. Id. at 844.

not know whether Davis was a member of the Blood gang and whether Davis posed any kind of specific danger to Harper. Id.

Here Harper's allegations against Luquis and Albo do not show deliberate indifference. Harper claims that the only thing that Albo told him in regard to the Blood Gang was that he would likely be a target of this gang and not any particular member of the gang. See Second Amended Complaint at ¶¶ 7-8, 15. Furthermore, Luquis never had any conversation directly with Harper about the Blood Gang. Id. Harper just concludes that Luquis knew that there were Blood Gang members at the CCC and that Harper was a target. Id. at ¶ 8   When Davis struck Harper, Davis never mentioned that the fight had to do with the Blood gang. See Second Amended Complaint. There are no allegations in the complaint that Davis was a member of this gang and that the fight between him and Harper was gang-related. Id.

In addition, Luquis and Albo's knowledge that Harper was a target of the Blood Gang was not the cause of the fight between Harper and Davis and the resulting injuries to Harper. Because Albo and Luquis did not know that Davis was a member of the Blood Gang and that he was a threat to Harper, their failure to remove Davis from the Allentown CCC did not cause the harm to plaintiff that resulted from the fight.

Therefore, because the complaint fails to show that Luquis and Albo were deliberately indifferent to a substantial risk of harm to Harper, plaintiff's Eighth Amendment claims against them should be dismissed.

**II.   CONCLUSION**

For all of the reasons stated above, Luquis and Albo's Motion to Dismiss should be granted.

|  | Respectfully submitted, |
|---|---|
|  | LINDA L. KELLY |
|  | Attorney General |
|  |  |
| By: | /s Laurie R. Jubelirer |

|  | Laurie R. Jubelirer |
|---|---|
| Office of Attorney General | Deputy Attorney General |
| 21 S. 12th Street, 3rd Floor | Attorney I.D. No. 50436 |
| Philadelphia, PA 19107 |  |
| Phone: (215) 560-2262 | Susan J. Forney |
| Fax:    (215) 560-1031 | Chief, Litigation Section |

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN HARPER,<br><br>   Plaintiff,<br><br>   v.<br><br>JEFFREY ALBO, Counselor, et al.,<br><br>   Defendants. | Civil Action No. 10-7555 |

**CERTIFICATE OF SERVICE**

     I, Laurie R. Jubelirer, Deputy Attorney General, hereby certify that the foregoing Motion to Dismiss was filed electronically on October 14, 2011 and is available for viewing and downloading from the ECF system. I further certify that a true and correct copy of said document was served on October 14, 2011, by United States mail, first class postage prepaid to:

    John Harper, #FD-2189
    State Correctional Institution
    at Frackville
    1111 Altamont Blvd.
    Frackville, PA  17931-2699

                                      LINDA L. KELLY
                                      ACTING ATTORNEY GENERAL


                  BY:    /s/ LAURIE R. JUBELIRER
                            Laurie R. Jubelirer
                            Deputy Attorney General
                            Identification No. 50436